## In re Beretsky

*Leon Schwartz*, for petitioner; *Michael Donahue*, for respondent.

VALENTINE, J., September 28, 1931.—On Monday, September 14, 1931, the court (Judges Coughlin and Valentine) made an order striking forty-two names from the registry list for the Fifth Ward of Edwardsville Borough. Said order was signed "By the Court, Coughlin, Judge." The same evening, a copy of the order was served by Judge Coughlin's secretary upon Hayden Williams, judge of election. The latter accepted the order and on the following day took it to the polling place in order that its provisions might be complied with.

Shortly after the opening of the polls, an alleged elector whose name was included in the forty-two names stricken from the registry list entered and sought to vote. The judge of election advised said elector that she could not vote because of the order of the court which had been served upon him, whereupon the respondent, a candidate seeking nomination for the office of borough council, jerked the copy from the hands of the election officer and, in a loud voice, made derogatory remarks concerning the judge who signed the order, and refused, upon demand of the judge of election, to redeliver the order to him. Another copy of the order was procured from the courthouse, but, in the meantime, some of the individuals whose names had been stricken from the registry list appeared and voted.

Respondent asserted he took the paper because he doubted its authenticity, and gave the same to his brother-in-law with instructions to consult a lawyer about it. Neither the brother-in-law nor the alleged lawyer were produced, and we have no hesitancy in saying that we find the respondent unworthy of belief. He asserted to the deputy sheriff that the paper had been torn up, but at the hearing produced the same, and, when questioned by the court, said he refrained from leaving the order with the judge of election while making inquiry concerning its validity because the persons whose names

were set forth in the order would not be allowed to vote while such inquiry was being made. His conduct prevented the carrying out of an order of the court and cannot be justified, excused or palliated. The order was not directed to him, but to the judge of election, who attempted, in good faith, to comply with its provisions until the respondent made this impossible.

Disobedience, resistance of or an attempt to prevent the execution of a lawful order, judgment or decree is such an interference with or attempt to obstruct the due administration of justice as to constitute a contempt: Com. v. Sheriff Jim Reap, 27 Lacka. Jur. 1.

Courts cannot function if their orders or decrees may be set aside, nullified or interfered with by individuals who possess the hardihood or temerity to do so.

"The court which is too weak to demand and enforce decent and respectful treatment cannot expect to receive or retain the respect and confidence of the people:" In re Fite, 11 Ga. App. 665, 76 S. E. 397, 406.

As was said by Chief Justice Paxson in Com. v. Perkins, 124 Pa. 36, at page 48: "A court that has not the power to protect itself from public insult, or to compel obedience to its lawful process, would be beneath contempt."

Rule to show cause why Michael Beretsky should not be adjudged guilty of contempt of court is made absolute.

From Frank P. Slattery, Wilkes-Barre, Pa.